## Case No. 13,126.

### SMITH v. WELSH et al.

[4 Wkly. Notes Cas. 383; 25 Pittsb. Leg. J. 46; 23 Int. Rev. Rec. 378.]

District Court, E. D. Pennsylvania.    Sept. 14, 1877, Oct. 26, 1877.

SHIPPING—FREIGHT—DAMAGED PACKAGES LANDED FROM WRECK—COST OF TRANSPORTING TO DESTINATION — EXPENSE OF BRINGING VESSEL TO PORT OF DESTINATION.

1. In case of wreck, freight is payable on each cask of sugar landed, provided a quantity equal in value to the stipulated freight remains in the cask.

2. Expense of transshipment to port of destination, under the circumstances of this case, is a charge upon freight alone.

3. Expense incurred in bringing a vessel into port, after separation of cargo, is a charge on the vessel alone.

This was an action for freight, instituted by the master of the schooner R. S. Graham, against S. & W. Welsh, on 529 hhds. and 200 boxes sugar from Havana to Philadelphia, amounting to $2,130. The vessel, while prosecuting her voyage, was cast ashore on the coast of Maryland. The vessel and cargo were placed by the master in the hands of wreckers. The cargo was landed from the vessel,—some of the packages being nearly empty,—but the libel alleged that no package when landed contained less than 100 lbs. of sugar. The contents of the hhds. and boxes partly full were placed together, so as to constitute, with the full hhds., in all, 270 hhds. and 180 boxes, which were sent overland to Philadelphia, and delivered to the consignees at an expense for land carriage of $1,743.26. After the cargo was landed from the vessel, the schooner was floated off from the beach, and brought to Philadelphia by means of steam pumps furnished by the wreckers.

H. Flanders, for libellants, contended that the libellants were entitled to full freight on each cask landed on the beach which contained sufficient sugar to pay freight, and that no deductions were to be made from freight for charges of land transport; that the saving of the cargo and the vessel was one continuous transaction, entered into by the master for all interests concerned; and all expenses, until arrival at Philadelphia, were chargeable in general average on ship, freight, and cargo, to which the freight would contribute for its full amount; and cited: Lown. Gen. Av. p. 104; Bevan v. Bank of United States, 4 Whart. 301; McAndrews v. Thatcher, 3 Wall. [70 U. S.] 347.

M. P. Henry, for respondents. Where the voyage is not performed, no freight is recoverable on the charter party, but the claim of the ship is for what is designated as "equitable freight," according to the benefit derived by the merchant. It is on this principle that freight pro rata itineris is allowed. Frith v. Barker, 2 Johns. 327; Nelson v. Stephenson, 5 Duer, 538; Cook v. Jennings, 7 Term R. 381; Post v. Robertson, 1 Johns. 24; Lutwidge v. Grey, reported in Abb. Shipp. p. 333. Deductions from freight must be made for the amount of cargo lost, and also for the amount consumed in salvage. Luke v. Lyde, 2 Burrows, 889; Pinto v. Atwater, 1 Day, 193. The cost of transshipment is a charge solely on the freight. Any excess above charter freight is a charge upon cargo. Thwing v. Washington Ins. Co., 10 Gray, 443; Cutts v. Perkins, 12 Mass. 206; Coffin v. Storer, 5 Mass. 352; Lemont v. Lord, 52 Me. 365. Where there is an actual separation from the vessel, the cargo does not contribute in general average to the subsequent expenses of saving the ship. McAndrews v. Thatcher, 3 Wal. [70 U. S.] 347.

THE COURT (CADWALADER, District Judge). I think that the whole stipulated freight, as upon a full package, is payable on every package which retained its whole contents, or a quantity equal in value to the stipulated freight on such package; and that the stipulated freight should be thus assessed, as if the packages partially emptied had not been refilled, but had reached Philadelphia and been delivered in their condition of partial emptiness. I am also of opinion that any extraordinary charges of transportation which were necessarily incurred by the defendants are allowable as a deduction from the freight otherwise due. I cannot, at present, perceive that, as between the parties here litigant, any question of general average can so arise as to affect the compunction of either the freight or the deduction. But on this point a definitive opinion is not expressed under either head; and the subject may be elucidated by a pro forma dis pacheuis adjustment if either party desire to exhibit it.

On October 26, 1877, a partial pro forma adjustment having been exhibited, THE COURT said: The decision of this case may be prefaced by a remark that the log book shows the stranding to have been involuntary, and not in any proper sense voluntary. The vessel could not have been kept from the beach. This point, however, seems to be immaterial; and I mention it only because the stranding is described by the libellant as voluntary. Recurring to the original question considered at the close of the former hearing, I retain my opinion then expressed as to the proper mode of estimating the freight which is to be allowed in the first instance.

The remaining question is, what amount should be allowed by way of deduction from freight, and reimbursement of the excess, if any, of charges on the cargo above the freight. On this point I am of opinion, upon the facts, that the services for saving the vessel were not with a view to making her the vehicle of continuing transportation of the cargo. Therefore the charges incurred in order to get her afloat were essentially distinct and different from those incurred for getting the cargo to its destination. Conse-

quently the case does not fall within the rule ordinarily applicable where the peril has originally been a common one. The accidental fact that the salvors were the same persons, and the contract was a single one as to both vessel and cargo, does not, in itself alone, suffice to make the charges of both kinds a common burden upon both subjects. The charges must be apportioned; those incurred for getting the vessel afloat being assessable upon her, and those incurred in making the cargo transportable and in transporting it being assessable first upon the freight, and afterwards, if in excess, upon the cargo.

If the libellant desires a reference to a commissioner to report whether any, and, if any, what amount is due to him for freight upon the above principles, the reference will be made; otherwise the libel will be dismissed.